IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL CASE NO. 1:16-CR-87-ODE-LTW |
| FRANKLIN TRELL, | |
| Defendant. | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION AND ORDER CERTIFYING CASE READY FOR TRIAL

Pending before this Court is Defendant Franklin Trell's ("Defendant") Preliminary Motion for Jackson-Denno Hearing, Preliminary Motion to Suppress, Particularized Motion to Suppress and for Jackson-Denno Hearing ("Motion to Suppress," Docs. 51, 54, 58); Defendant's Motion to Dismiss Indictment (Doc. 52); and Defendant's Motion to Withdraw Motion to Dismiss Indictment. (Doc. 59). Having read and considered Defendant's motions, the parties' briefs, and all supporting documents submitted, and for the reasons set forth below, this Court **RECOMMENDS** that Defendant's Motion to Suppress be **DENIED**. (Docs. 51, 54, 58). Additionally, Defendant's Motion to Withdraw Motion to Dismiss is **GRANTED** (Doc. 59); Defendant's Motion to Dismiss

the Indictment is **DEEMED WITHDRAWN**[1] (Doc. 52); and Defendant's Motion for a Bill of Particulars is **DEEMED MOOT**.[2] (Doc. 53).

## DEFENDANT'S MOTION TO SUPPRESS AND FOR JACKSON-DENNO HEARING

Defendant was indicted on March 1, 2016, for conspiracy to defraud financial institutions; wire and bank fraud; and conspiracy to launder money. (Doc. 1). Defendant is alleged to have defrauded an individual, "G.O.," and banks by inducing them, through false statements and representations, to contribute capital towards the development of a non-existent or otherwise fraudulent medical software and imaging business. (Id.). In his Motion to Suppress, Defendant contends that on or around July 17, 2013, a digital recording was made by an individual, "G.O.," of a conversation between Defendant and

---

[1] During a hearing on October 5, 2016, the Court took under advisement Defendant's Motion to Dismiss the Indictment and ordered Defendant to perfect the motion by October 31, 2016. (Doc. 57). On November 18, 2016, Defendant instead filed his Motion to Withdraw Motion to Dismiss, indicating that he did not seek to perfect the Motion to Dismiss the Indictment, and would instead seek to withdraw the motion. (Doc. 59).

[2] During a status conference on February 13, 2017, Defendant's counsel informed the Court that the Government has provided Defendant with a Bill of Particulars.

2

G.O.[3]  (Doc. 58, p. 1).  Defendant asserts that G.O., acting at the direction of law enforcement officers, was supplied with the recording device by law enforcement, and given suggestive questions by law enforcement to ask Defendant during the July 17, 2013 meeting.  (Id.).  Defendant also asserts that during the meeting, G.O. questioned Defendant for over an hour, and later produced the digital recording of the statements made during that meeting to the Government.  (Id. at pp. 1-2).  The Government has since supplied that recording to Defendant.  (Doc. 60, p. 4).  Thus, Defendant asserts – without regard to the contents of the recording – that the meeting and questioning were "violative of the Sixth Amendment on voluntariness grounds and right to counsel grounds all contained in the Sixth Amendment to the United States Constitution," since G.O. was "acting under color of law as an agent of the Government."  (Doc. 58, p. 2).  Defendant moves to suppress the statements contained on the recording, any fruits of the those statements, and requests an evidentiary hearing into the "manners" in which Defendant was "lure[d]" to the July 17, 2013 meeting.  (Id.).

The Sixth Amendment provides, in pertinent part, that "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . have the Assistance of Counsel for

---

[3] Presumably the same "G.O." referenced in the indictment and known to Defendant.

3

his defense." U.S. CONST. Amend VI.  In order to exclude a statement based on a violation of the Sixth Amendment right to counsel, the defendant must possess a right to counsel as to the offense in question at the time of the statement, and the defendant must have asserted his right to counsel after the right attached but before making any statement.  Patterson v. Illinois, 487 U.S. 285, 290-91 (1988).

The right to counsel attaches at the initiation of adversarial proceedings, "whether by way of formal charge, preliminary hearing, indictment, information, or arraignment." Kirby v. Illinois, 406 U.S. 682, 689 (1972) (plurality opinion); accord United States v. Gouveia, 467 U.S. 180, 187 (1984) (listing cases subsequent to Kirby confirming when right to counsel attaches).  In addition, the Sixth Amendment right to counsel is "offense specific," attaching only with respect to charged offenses that are already the subject of adversary proceedings, and therefore does not apply to future prosecutions.  McNeil v. Wisconsin, 501 U.S. 171, 175 (1991);  United States v. Avants, 278 F.3d 510, 515-16 (5th Cir.), cert. denied, 536 U.S. 968 (2002).  Because of the "offense specific" rule, the Sixth Amendment right to counsel does not extend to uncharged offenses, even if they may be "closely related to" or "inextricably intertwined with" other, charged offenses. Texas v. Cobb, 532 U.S. 162, 173 (2001).  This is because the definition of "offense" to be applied to the Sixth Amendment right to counsel is the same as in the double jeopardy

4

context. Id. (citing Blockburger v. United States, 284 U.S. 299 (1932)).

At the time of the July 17, 2013 recording, Defendant was not subject to any adversarial proceeding relating to the specific charges brought in this case by way of the March 1, 2016 Indictment.  As a result, Defendant's right to counsel had not yet attached, and he cannot now invoke the Sixth Amendment or his lack of counsel to suppress his previously recorded statements.  Accordingly, Defendant's Motion to Suppress should be **DENIED**.  McNeil, 501 U.S. at 175.

Further, under the facts of this case, the undersigned finds that Defendant has not alleged a sufficient basis to justify a hearing.[4]  "A motion to suppress must in every critical respect be sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that a substantial claim is presented." United States v. Richardson, 764 F.2d 1514, 1527 (11th Cir. 1985); see also United States v. Ford, 34 F.3d 992, 994 (11th Cir. 1994).  This means that the motion must allege specific and nonconclusory facts which, if proven would provide a basis for relief.  Id.  The Court need not act upon general allegations founded on mere suspicion or conjecture and has discretion in

---

[4] During a status conference on February 13, 2017, Defendant's counsel was afforded an opportunity to argue why the Court should grant an evidentiary hearing on Defendant's Motion to Suppress.  The undersigned was not persuaded that an evidentiary hearing is necessary.

5

determining the need for a hearing. Richardson, 764 F.2d at 1527. Furthermore, "where a defendant in a motion to suppress fails to allege facts that if proved would require the grant of relief, the law does not require that the district court hold a hearing independent of trial to receive evidence on any issue necessary to determination of the motion." United States v. Sneed, 732 F.2d 886, 888 (11th Cir. 1984).

In this case, as discussed below, Defendant's Motion to Suppress should be denied and no hearing should be granted because Defendant fails to allege sufficient facts that justify any grant of relief. As an initial matter, Defendant has not explained the "voluntariness" issues under the Sixth Amendment that might warrant suppression (or an evidentiary hearing relating to the suppression) of the statements made in the July 17, 2013 meeting with G.O., and this Court is not aware of any.

Moreover, Defendant has not presented any specific and non-conclusory facts that tend to show that his statements during the July 17, 2013 meeting with G.O. were not voluntary, or were otherwise coerced in violation of his due process rights. Indeed, as the Government correctly notes, "[c]onversations between suspects and undercover agents [or individuals cooperating with law enforcement] do not implicate the concerns underlying Miranda," since the "essential ingredients of a 'police-dominated atmosphere' and compulsion are not present." Illinois v. Perkins, 496 U.S. 292, 296-98

6

(1990). This is true, even where a defendant is in custody, so long as charges have not been filed against that defendant. Id. at 98-99 (internal citations ommitted). Again, as noted before, no charges were filed against Defendant at the time of his July 17, 2013 conversation with G.O. Accordingly, Defendant has presented nothing more than pure conjecture to suggest that his statements were anything less than voluntary for the purposes of suppression. Accordingly, Defendant is not entitled to an evidentiary hearing on the baseless and/or speculative grounds discussed above, and his Motion to Suppress should be **DENIED**. (Docs. 51, 54, 58).

## CONCLUSION

For all the reasons discussed above, the undersigned **RECOMMENDS** that Defendant's Motion to Suppress be **DENIED**. (Docs. 51, 54, 58). Additionally, Defendant's Motion to Withdraw Motion to Dismiss is **GRANTED** (Doc. 59); Defendant's Motion to Dismiss the Indictment is **DEEMED WITHDRAWN** (Doc. 52); and Defendant's Motion for a Bill of Particulars is **DEEMED MOOT**. (Doc. 53). There are no further motions or problems pending before the undersigned to prevent the scheduling of this case for trial. Therefore, this action is **CERTIFIED READY FOR TRIAL**.

**SO ORDERED AND REPORTED AND RECOMMENDED** this  15th  day

7

of February, 2017.

                                             /s/LINDA T. WALKER
                                             LINDA T. WALKER
                                             UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)